-FILED-

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

JUN 2 1 2022

At _____ M
GARY T. BELL, Clerk
U.S. DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

BRIANNA GIBSON, )
 )
    Plaintiff, )
 )
vs. )  Case No.: 2:22cv163
 )
ECOVYST CATALYST TECHNOLOGIES, LLC; )  Plaintiff demands trial by jury.
SAFE TRANS, LLC; TRESOR HODARI; and )
COYOTE LOGISTICS, LLC; )
 )
    Defendants. )

## COMPLAINT FOR DAMAGES AND REQUEST FOR JURY TRIAL

Comes now the Plaintiff, Brianna Gibson, by counsel, and for her Complaint against Defendants Ecovyst Catalyst Technologies, LLC; Safe Trans, LLC; Tresor Hodari; and Coyote Logistics, LLC; states as follows:

### I. PARTIES

1. At all times relevant herein, Brianna Gibson was a citizen of Portage, Porter County, Indiana.

2. At all times relevant herein, Defendant Ecovyst Catalyst Technologies, LLC ("Ecovyst") was a shipper of goods and was a corporation organized and existing under the laws of Delaware and had a principal place of business in the State of Pennsylvania and regularly conducted business in, received economic benefit from, and had sufficient minimum contacts with the State of Indiana. Upon information and belief, shortly before the subject crash, Ecovyst bought certain assets and facilities of a company named PQ Corporation, including the facility in Pennsylvania where the subject truck was loaded. The sole member of Ecovyst is Ecovyst Midco

1

II, Inc., which is a Delaware corporation, which had its principal place of business in the State of Pennsylvania.

3. At all times relevant herein, Defendant Safe Trans, LLC ("Safe Trans") was a corporation organized and existing under the laws of the State of Colorado with a principal place of business located in Aurora, Colorado. The sole member of Safe Trans is Iskandar Sayfiyev, an individual, who was a citizen of the State of Colorado.

4. At all times relevant herein, Defendant Safe Trans was a commercial motor carrier registered with the United States Department of Transportation, USDOT No. 2210495, and regularly conducted business in, received economic benefit from, and had sufficient minimum contacts with the State of Indiana.

5. At all times relevant herein, Defendant Tresor Hodari was a citizen of Aurora Colorado, and at the time of the acts and omissions complained of in this Complaint was an agent, servant and/or employee of Defendant Safe Trans and was acting within the course and scope of his agency and/or employment with Defendant Safe Trans.

6. At all times relevant herein, Defendant Coyote Logistics, LLC ("Coyote") was a transportation broker of goods and was a corporation organized and existing under the laws of the State of Delaware, and regularly conducted business in, received economic benefit from, and had sufficient minimum contacts with the State of Indiana. Upon information and belief, Coyote had a principal place of business in the State of Illinois. The sole member of Coyote is Coyote Logistics Midco, Inc. which is a corporation organized and existing under the laws of the State of Delaware and has a principal place of business in the State of Illinois.

## II. JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over the present action as there exists complete diversity among the parties and the amount in controversy exceeds $75,000.00, exclusive of interest and cost in accordance with 28 U.S.C.A §1332.

8. The Court has jurisdiction over the subject matter of this action and over the parties to this lawsuit. Venue is proper in the Northern District of Indiana because the motor vehicle crash giving rise to this action alleged herein occurred in Lake County.

## III. FACTS

9. At all times relevant herein, Interstate-80 ("I-80") was an interstate highway running generally in an east/west direction through Gary, Lake County, Indiana.

10. The crash which is the subject of this lawsuit occurred in Gary, Lake County, Indiana, on I-80 in its westbound lanes near the 10.7-mile marker.

11. On July 31, 2021, at approximately 5:20 p.m., Defendant Tresor Hodari was operating a semi tractor-trailer owned by Defendant Safe Trans in the course and scope of his employment with Defendant Safe Trans ("Safe Trans Semi"). Upon information and belief, Defendant Hodari had only recently received his commercial driver's license.

12. Defendant Hodari was transporting a load with multiple 2800-pound steel containers from Pennsylvania to Colorado for Defendant Ecovyst ("Ecovyst containers") when Defendant Hodari ran off the road on the westbound side of I-80 and struck a barrier wall on the eastbound side of Interstate I-80. Defendant Hodari claims that the load he was carrying shifted and caused him to run off the road and strike the barrier wall. Upon information and belief, this load was the first time that that Defendant Hodari had hauled cargo as a commercial motor vehicle driver.

13. When the Safe Trans Semi struck the barrier wall, the Ecovyst containers came off the Safe Trans Semi and landed on the eastbound side of I-80.

14. One of the Ecovyst containers fell into the path of a vehicle lawfully operated by Brianna Gibson and a crash occurred between the Gibson vehicle and one of the Ecovyst containers which fell from the Safe Trans Semi operated by Defendant Hodari and into the path of the Gibson vehicle ("Crash"). Plaintiff Brianna Gibson was the driver of the Gibson vehicle.

15. As a direct and proximate result of the Crash, Plaintiff Brianna Gibson was seriously and permanently injured.

16. At the time of the Crash, Defendant Hodari was an agent and/or employee of Defendant Safe Trans and was operating the Safe Trans Semi in the course and scope of his agency and/or employment with Defendant Safe Trans, and Defendant Safe Trans is vicariously liable for Defendant Hodari's negligent actions and omissions proximately causing the injuries of Brianna Gibson.

## COUNT I

### NEGLIGENCE – Defendant Ecovyst

17. Plaintiff incorporates by reference all preceding paragraphs and allegations of this Complaint as though fully set forth herein.

18. The Ecovyst containers which were placed on the Safe Trans Semi were designed and manufactured by and/or for Ecovyst. They were cone-shaped containers designed to carry liquid. These containers were specialty items about which Ecovyst possessed superior knowledge about their design and characteristics particularly as it relates to the safe placement of and securement of the containers on trailers for shipping.

19. The Ecovyst containers were placed on the Safe Trans Semi by an employee of Ecovyst when Defendant Hodari arrived at the Ecovyst facility in Pennsylvania. The Ecovyst employee who loaded the Safe Trans Semi also directed Defendant Hodari on how to properly and safely secure the steel containers to the trailer of the Safe Trans Semi. Once Defendant Hodari completed his attempt to secure the steel containers to the trailer of the Safe Trans Semi with the assistance of the Ecovyst employee, the Ecovyst employee reviewed how Defendant Hodari had secured the containers and advised Hodari that he had secured the containers properly and encouraged Defendant Hodari to leave the Ecovyst facility.

20. The Ecovyst containers were not properly and safely secured to the trailer of the Safe Trans Semi.

21. Defendant Ecovyst had a duty, or by the actions of its employee assumed a duty, to advise and assist Defendant Hodari on how to safely secure the Ecovyst containers on the Safe Trans Semi and to ensure that when the Safe Trans Semi left Ecovyst, that the Ecovyst containers were safely secured.

22. Defendant Ecovyst was negligent in the manner in which it instructed and assisted Defendant Hodari on how to secure the Ecovyst containers and negligent in its approval of how Defendant Hodari secured the Ecovyst containers to the Safe Trans Semi before Hodari left the Ecovyst facility.

23. As a direct and proximate result of the negligent acts and omissions of Defendant Ecovyst, by and through its agents and employees, Brianna Gibson suffered severe, traumatic and catastrophic injuries.

24. Plaintiff is entitled to judgment against Defendant Ecovyst in an amount commensurate with the losses and damages sustained in order to fairly and adequately compensate the Plaintiff.

## COUNT II

### NEGLIGENCE – Defendant Safe Trans and Defendant Tresor Hodari

25. Plaintiff incorporates by reference all preceding paragraphs and allegations of this First Amended Complaint as though fully set forth herein.

26. At all times relevant herein, Defendant Hodari owed a duty to exercise reasonable care in his operation of the Safe Trans Semi.

27. At all times relevant herein, Defendant Hodari failed to exercise ordinary care and breached his duty of care in his operation of the Safe Trans Semi.

28. At all times relevant herein, Defendant Hodari was negligent for, among other reasons:

   (a) Failing to operate the Safe Trans Semi in a safe and reasonably prudent manner;

   (b) Failing to adhere to driving rules and regulations;

   (c) Failing to keep the Safe Trans Semi under control;

   (d) Failing to properly load, place and secure the cargo;

   (e) Permitting the cargo to be improperly loaded;

   (f) Driving at an unreasonable rate of speed for the circumstances;

   (g) Driving in a negligent manner; and

   (h) Other negligent acts and/or omissions.

29. Some or all of Defendant Hodari's negligent acts or omissions were violations of Indiana statutes, ordinances, and/or federal regulations that were designed to protect the class of

persons in which Brianna Gibson was included, against the risk of harm which occurred as a result of the violations and, therefore, constitute negligence *per se* under Indiana law.

30. At the time of the Crash, Defendant Hodari was acting in the course and scope of his employment with Defendant Safe Trans and, therefore, Defendant Safe Trans is vicariously liable to Plaintiff for Defendant Hodari's negligent acts and omissions as set forth herein.

31. At all times material herein, Defendant Safe Trans had a duty to exercise reasonable care in its entrustment of the Safe Trans Semi to Defendant Hodari.

32. Defendant Safe Trans failed to exercise ordinary care and breached its duty of care in its entrustment of the Safe Trans Semi to Defendant Hodari.

33. Defendant Safe Trans was negligent for, among other reasons, entrusting the Safe Trans Semi to Defendant Hodari, despite its actual and specific knowledge at the time of the entrustment of Defendant Hodari's inability to exercise due care in his operation of the Safe Trans Semi.

34. As a direct and proximate result of the negligent acts and omissions of the Defendants, and each of them, Brianna Gibson suffered severe, traumatic, permanent, and catastrophic injuries.

35. Plaintiff is entitled to judgment against the Defendant Safe Trans and Defendant Hodari, and each of them, in an amount commensurate with the losses and damages sustained in order to fairly and adequately compensate the Plaintiff.

## COUNT III

### NEGLIGENCE – Defendant Coyote

36. Plaintiff incorporates by reference all preceding paragraphs and allegations of this Complaint as though fully set forth herein.

37. Coyote is a transportation broker that chose and selected Safe Trans as the carrier to transport the Ecovyst containers from Pennsylvania to Colorado for Defendant Ecovyst.

38. Coyote had a duty to choose a safe motor carrier which was appropriately skilled and experienced in the transport of cargo like the Ecovyst containers, which was specialized cargo which required the use of particular methods and equipment to be safely secured to a trailer and transported.

39. Defendant Safe Trans and Defendant Hodari were not qualified by experience or training to safely place, secure, and transport the Ecovyst containers. If Coyote had used due diligence in determining the experience and safety record of Defendant Safe Trans and/or Defendant Hodari prior to selecting the carrier, it would have discovered that Defendant Safe Trans and/or Defendant Hodari were not sufficiently experienced to transport the Ecovyst containers, and in fact, had previous safety violations involving improper securement of cargo.

40. Coyote was negligent in its selection of Defendant Safe Trans.

41. Coyote exerted substantial control over the details of the work conducted by Defendant Safe Trans and Defendant Hodari and is vicariously liable for the negligence of Defendant Safe Trans and Defendant Hodari.

42. As a direct and proximate result of the negligent acts and omissions of Defendant Coyote, Brianna Gibson suffered severe, traumatic and catastrophic injuries.

WHEREFORE, Plaintiff, Brianna Gibson, by counsel, seeks judgment against Defendants, Safe Trans, LLC; Tresor Hodari; Ecovyst Catalyst Technologies LLC; and Coyote Logistics, LLC; and each of them, in an amount commensurate with the losses and damages sustained in order to fairly and adequately compensate Plaintiff for the damages incurred, for the costs of this action, prejudgment interest, and for all other relief just and proper in the premises.

## REQUEST FOR JURY TRIAL

Comes now Plaintiff Brianna Gibson, by counsel, and hereby requests trial by jury.

Respectfully submitted,

SALVI, SCHOSTOK & PRITCHARD P.C.

/s/ *Michael J. Schostok*
Brian L. Salvi, Atty. No 6313888
Michael J. Schostok, Atty No. 6333316
SALVI, SCHOSTOK & PRITCHARD, P.C.
161 N. Clark Street, Suite 4700
Chicago, Illinois 60601
Phone: 312-372-1227
Fax: 312-372-3720
bsalvi@salvilaw.com
mjschostok@salvilaw.com
Attorneys for Plaintiff Brianna Gibson

## CERTIFICATE OF SERVICE

The foregoing pleading complies with the requirements of Trial Rule 5(G) with regard to information excluded from the public record under the Rules of Access to Court Records.

The undersigned hereby certifies that a copy of the foregoing pleading has been filed and served through the electronic filing system this 3rd day of June, 2022 which caused the following counsel to be served by electronic means as more fully reflected on the Notice of Electronic Filing:

Joseph L. Pellis, II
jpellis@pellislaw.com
Joseph E. Hopkins
jhopkins@pellislaw.com
Pellis Law Group, LLP
*Attorneys for Defendant, Ecovyst Catalyst Technologies, LLC*

Scott C. Bentivenga
scott.bentivenga@lewisbrisbois.com
Lewis Brisbois Bisgaard & Smith, LLP
*Attorney for Defendant, Coyote Logistics, LLC*

Christopher R. Whitten
cwhitten@indycounsel.com
Michael T. Terwilliger
mterwilliger@indycounsel.com
Whitten Law Office
*Attorneys for Defendants, Safe Trans, LLC and Tresor Hodari*

/s/ *Michael J. Schostok*
Michael J. Schostok